**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6686**

———————

CHARLES A. RIPPY-BEY,

                Petitioner - Appellant,

        v.

STATE OF NORTH CAROLINA,

                Respondent - Appellee.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cv-00058-CCE-LPA)

———————

Submitted:  January 10, 2014        Decided:  January 16, 2014

———————

Before GREGORY, DAVIS, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Charles A. Rippy-Bey, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles A. Rippy-Bey seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing his "Legal Notice Proclamation of Status and Jurisdiction," which the district court construed as a 28 U.S.C. § 2254 (2012) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 20, 2013. The notice of appeal was filed on April 25, 2013.[*] Because Rippy-Bey failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal

---

[*] In a previous opinion, we remanded this case for the limited purpose of determining when Rippy-Bey delivered the notice of appeal to prison officials for mailing to the district court. Rippy-Bey v. North Carolina, __ F. App'x __, 2013 WL 3889201 (4th Cir. July 30, 2013). The court found that the delivery occurred on April 25, 2013, which is considered the filing date. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dismiss Rippy-Bey's pending mandamus petitions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED